[Dkt. No. 22]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CASAS DEL TOQUI S.A.,

    Plaintiff,

    v.

BIG C WINES LLC, et al.,

    Defendants.

Civil No. 15-1661 (RMB/AMD)

**MEMORANDUM ORDER**

    This matter comes before the Court upon the motion by Defendants Big C Wines LLC, Buena Cepa Wines USA LLC, Pyramid Case Company, Inc., Joseph Caruso, Jr., Joseph Caruso, Sr., John Does 1-10, and XYZ Corp. 1-10 (collectively "Defendants") [Dkt. No. 22], to dismiss Count VI of the Second Amended Complaint and to dismiss the individual Defendants, Joseph Caruso, Jr. and Joseph Caruso, Sr.

    Plaintiff Casas del Toqui, S.A., is a producer and global distributor of Chilean wines.  Plaintiff alleges that Defendants owe it approximately $177,000 for thousands of cases of wine Plaintiff shipped to them during 2012 and 2013.

    Defendants first move to dismiss Count VI of the Second Amended Complaint which alleges fraud in the inducement. Defendants contend that the Count fails to comply with Fed. R.

1

Civ. 9(b). In essence, Plaintiff's allegations as to the fraudulent misrepresentations made by Defendants are summarized in paragraph 136:

> Defendants' material fraudulent misrepresentations include, but are not limited to, Defendants' intent to fulfill their contractual obligations to Plaintiff as well as Defendants' financial ability to fulfill their contractual obligations to Plaintiff before and at the time Defendants entered into said contractual obligations with Plaintiff.

Second Amended Complaint, ¶ 136.

In order to satisfy the heightened pleading standard under Rule 9(b), the plaintiff must plead with particularity the circumstances constituting a fraud. Fed.R.Civ.P. 9(b). This can be accomplished by pleading "the date, time, and place" of the fraud or otherwise injecting "precision or some measure of substantiation into the allegations." Slimm v. Bank of Am. Corp., No. 12-5846, 2013 U.S. Dist. LEXIS 62849, at *46-47, 2013 WL 1867035 (D.N.J. May 2, 2013) (quoting Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir.2007)). A plaintiff alleging fraud must state the circumstances of the fraud with sufficient particularity "to place the defendants on notice of the precise misconduct with which they are charged." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir.2004). In other words, the Rule "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." In re Advanta Corp. Sec. Litig., 180 F.3d 535, 534 (3d Cir.1999).

2

To allege a claim for fraud in the inducement a plaintiff must plead "(1) a material misrepresentation of a presently existing or past fact, (2) made with knowledge of its falsity and (3) with the intention that the other party rely thereon, (4) resulting in reliance by that party to his detriment." <u>Am. Fin. Res., Inc. v. Countrywide Home Loans Servicing</u>, 2013 U.S. Dist. LEXIS 180132, at * 29 (D.N.J. Dec. 23, 2013).

A review of the Second Amended Complaint reveals that although Plaintiff alleges that Defendants misrepresented their "intent to fulfill their contractual obligations," Plaintiff alleges no facts (beyond conclusory allegations) to show that that statement was false at the time it was made. The same is true for Plaintiff's allegation that Defendants misrepresented their financial ability to fulfill their contractual obligations. Plaintiff alleges no facts, such as the state of Defendants' financial condition, to show that statements were false at the time they were made. A failure to pay, as alleged by Plaintiff, is a far cry from making material misrepresentations about one's intent or ability to pay.

In sum, the Second Amended Complaint is devoid of sufficient particularity. To say that the Defendants misrepresented their intent to pay, alone, is insufficient. Plaintiff must put "some measure of substantiation" into the

allegation. The same is true regarding the misrepresentation regarding their financial ability to pay.

Accordingly, Plaintiff's fraud in the inducement claim will be dismissed without prejudice. Should Plaintiff choose to do so, it shall have 30 days to move for leave to amend Count VI.[1]

Defendants also seek to dismiss the Second Amended Complaint against the individual Defendants. Defendants contend that although Plaintiff seeks to pierce the corporate veil and hold each of the Caruso Defendants liable, the Second Amended Complaint fails to allege sufficient facts for piercing the corporate veil. The Court agrees.

Piercing the corporate veil requires two elements: First there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of a separate corporate existence would sanction a fraud or promote injustice. The Mall at IV Group Prop, LLC v. Roberts, 2005 U.S. Dist. LEXIS 31860, *3 (D.N.J. 2005). In addressing the first element, unity of interest, courts consider six non-exhaustive factors:

> 1) gross undercapitalization; ... 2) failure to observe corporate formalities, 3) non-payment of

---

[1] In order to prevent any further delay as a result of deficient pleading, see Docket Nos. 25 and 26, Plaintiff may wish to forego the filing of yet another amended complaint at this stage.

>    dividends; 4) the insolvency of the debtor
>    corporation; siphoning of funds of the corporation by
>    the dominant stockholder; 5) non-functioning of other
>    officers or directors; absence of corporate records;
>    and 6) the fact that the corporation is merely a
>    facade for the operations of the dominant
>    stockholder[s]. Craig v. Lake Asbestos of Quebec,
>    Ltd., 843 F.2d 145, 150 (3d Cir.1988).

Regarding the second element, Plaintiff must allege that the corporation committed a fraud, injustice or the like. The Mall at IV, supra, at *10. Also, the "wrong" alleged must go "beyond simply a judgment creditor's inability to collect." Id. at *9.

The Second Amended Complaint is devoid of any allegations that rise to the high standard of unity of interest necessary to pierce the corporate veil. See Dept. of Environmental Protection v. Ventron Corp., 94 N.J. 499-501 (1983). See also Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 151-52 (3d Cir. 1988). Plaintiff has not alleged (beyond conclusory allegations) any of the Craig factures, e.g., undercapitalization, failure to observe corporate formalities, and failure to keep corporate records. At most, Plaintiff alleges that the individuals communicated on behalf of the entities. Such allegations are insufficient. The Court hastens to note, however, Plaintiff's observation that "it is difficult to fully assess all the relevant information prior to discovery." Pl. Opp. Br. at 8. If, in the course of discovery, Plaintiff learns of facts that support corporate veil –

piercing, Plaintiff may seek leave to amend the Complaint.

Accordingly, this motion is denied without prejudice.

                                            <u>s/Renee Marie Bumb</u>
                                            RENEE MARIE BUMB
                                            United States District Judge